Tilton v. Russell.

## TILTON v. RUSSELL.

1. An infant having no guardian and living with his mother, a widow, and going to a school in the neighborhood, will be presumed to be sent by her if the contrary is not shown.

Error to the County Court of Pickens.

HUNTINGTON, for plaintiff in error.

1. The court erred in taking the ground that the plaintiff in error must look to the administrator for the tuition of Mrs. Russell's son. An administrator is not bound for the support or education of the infant children of his intestate.

Tilton v. Russell.

[Kent v. Stiles, 1 Penn. 358; Brewster v. Brewster, 8 Mass. 131.]

2. Education being a *necessary*, the defendant was liable to the plaintiff for furnishing it to her son; at least, it was furnished with her knowledge and without her objection, the law therefore raises an implied assumpsit against her.

No counsel appeared for the defendant.

ORMOND, J.—The action was commenced before a justice of the peace, for a sum under twenty dollars, and carried by appeal to the county court. In that court, the facts, as shown by a bill of exceptions were, that a son of the defendant, a minor, went to school to the plaintiff in error two sessions, the tuition being worth eight dollars a session. The defendant was a widow, and her son resided with her, and had no guardian. There was an administrator of the estate of the father of the minor, but the estate had not been settled. There was no promise, or agreement, between plaintiff and defendant relative to the schooling of her son. Upon this state of facts, the court gave judgment for the defendant, and the plaintiff excepted.

We infer from the argument made in this court, that the court below decided in favor of the defendant, upon the ground that the administrator was liable for the schooling, and not the mother. It is clear that the administrator, as such, was not responsible for the tuition of the children of his intestate; and it does not appear that he became bound individually for it. Although the defendant made no express contract with the plaintiff for the schooling of her son, she is nevertheless responsible if she sent her son to school, as the law will imply a promise to pay the value of the services of the schoolmaster. That she did send him to school, is, we think, the necessary inference from the facts stated in the record, as he resided with her at the time, and having no guardian, it must be presumed he was under her control and direction.

Let the judgment be reversed and the cause remanded.